JUDGE FURMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**12 CIV 8650**

| | |
|---|---|
| LYNN TESORO, | 12 Civ. _____ ( ) |
| Plaintiff, | |
| -against- | **NOTICE OF REMOVAL OF CIVIL ACTION** |
| MARIE-JOSE SUSSKIND-JALOU, JENNIFER EYMERE, AND VANESSA BELLUGEON, | |
| Defendants. | |



PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Marie-Jose Susskind-Jalou, Jennifer Eymere, and Vanessa Bellugeon, by their counsel, Olshan Frome Wolosky LLP, remove to this Court the state-court action described in paragraph 1 below.

### THE REMOVED CASE

1.      The removed case is a civil action pending in the Supreme Court of the State of Court, County of New York, styled as *Lynn Tesoro v. Marie-Jose Susskind-Jalou, Jennifer Eymere, and Vanessa Bellugeon.* The case was assigned Index No. 156264/2012. A Summons with Notice was served on Ms. Eymere on or about September 12, 2012, and the Complaint was electronically filed on November 8, 2012. Defendants Marie-Jose Susskind-Jalou and Vanessa Bellugeon have not yet been served.

### PAPERS FROM THE REMOVED ACTION

2.      As required by 28 U.S.C. § 1446(a) and Local Civil Rule 81.1, defendants attach to this Notice of Removal the following documents:

- Exhibit A: A copy of the state court docket sheet as of November 28, 2012.

1869078-2

- Exhibit B:  Summons with Notice, filed on September 11, 2012.

- Exhibit C:  Affidavit of Service for Marie-Jose Susskind-Jalou, filed on September 12, 2012.[1]

- Exhibit D:  Affidavit of Service for Jennifer Eymere, filed on September 12, 2012.

- Exhibit E:  Affidavit of Service for Vanessa Bellugeon, filed on September 12, 2012.

- Exhibit F:  Notice of Appearance, filed on September 24, 2012.

- Exhibit G:  Complaint, filed on November 8, 2012.

3.      Exhibits B through G comprise the entire state court record.  No papers, pleadings, process, or orders in this action, other than those identified above, have been served on or are known to the defendants.

## THE REMOVAL IS TIMELY

4.      Removal is timely because two of the defendants – Mmes. Susskind-Jalou and Bellugeon – have not yet been served with a summons in this action, and received the Complaint for the first time when it was electronically filed on November 8, 2012 – less than thirty days ago.  *See* 28 U.S.C. § 1446(b)(2)(B); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448 (1999) (a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."); *see also Pietrangelo v. Alvas Corp.,* 686 F.3d 62, 64 (2d Cir. 2012) ("each defendant has thirty days from when he received service to file a notice of removal.").

---

[1] The affidavits of service attached hereto as Exhibits C through E are false and defective.  The only defendant that has been properly served is Ms. Eymere.

2

5.      Removal is also timely because the Complaint – filed and received less than thirty days ago – is the first pleading that contains jurisdictional facts regarding the plaintiff, thereby allowing the defendants for the first time to assess whether a basis for removal exists. (*See* Ex. G ¶¶ 1, 5). *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001) (affirming district court's conclusion that removal was timely and that "the complaint constituted the initial pleading for purposes of removal under section 1446(b)" where the summons with notice failed to identify the addresses of certain defendants, a defect that made it "impossible to assess whether there is complete diversity and, hence, a basis for removal."); *U.S.E. Productions, Ltd. v. Marvel Enterprises, Inc.*, 314 F. Supp. 2d 213, 215 (S.D.N.Y. 2004) ("A defendant that is unable to ascertain removability from the face of the summons with notice would be unable to make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a), and in such cases, the complaint serves as the initial pleading."); *E.W. Howell Co., Inc. v. Underwriters Laboratories, Inc.*, 596 F. Supp. 1517, 1520 (E.D.N.Y. 1984) (holding that "complaint was the 'initial pleading' for purposes of § 1446(b) because, given that plaintiff had not provided any information about its residence on summons with notice, "[i]t was thus impossible for defendant to determine removability, on diversity grounds, from the face of the summons.").

### THE VENUE REQUIREMENT IS MET

6.      Venue of this removal is proper under 28 U.S.C. §1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

### EACH OF THE DEFENDANTS HAS CONSENTED TO REMOVAL

7.      All of the defendants consent to removal.  However, because Mmes. Susskind-Jalou and Bellugeon have not yet been served in this action, they do so without submitting to

personal jurisdiction and without waiver of any defenses they may have to personal jurisdiction and/or service.

## DIVERSITY OF CITIZENSHIP EXISTS AND
## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

8.      This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332(a)(2) and may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

9.      Diversity jurisdiction exists when the parties to an action are "citizens of a State and citizens or subjects of a foreign state" and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(2).

10.     The Complaint alleges that the plaintiff "is an individual who resides in Spring Lake, New Jersey."  (Ex. G ¶ 1).  Upon information and belief, the plaintiff is a citizen of the United States.

11.     Defendant Jennifer Eymere is a citizen of France, who resides in Paris, France.

12.     Defendant Marie-Jose Susskind-Jalou is a citizen of France, who resides in Paris, France.

13.     Defendant Vanessa Bellugeon is a citizen of France, who resides in Paris, France.

14.     The Summons with Notice indicates that the plaintiff is seeking compensatory damages of at least $1 million, exclusive of interest and costs, which satisfies the amount-in-controversy requirement for the exercise of diversity jurisdiction.

## FILING OF REMOVAL PAPERS

15.     The day the defendants file this Notice of Removal, they will serve such Notice on the plaintiff *via* United States mail, postage prepaid, addressed to the plaintiff's counsel, in compliance with 28 U.S.C. § 1446(d).  Also in compliance with that statute, within one business

day after filing this Notice of Removal, the defendants will file in the Supreme Court of the State of New York, County of New York, a Notice of Filing of Notice of Removal, which will advise the state court of the removal. Exhibit H to this Notice of Removal is a copy of the Notice of Filing of Notice of Removal.

## REMOVAL IS WARRANTED

16.     As noted above, complete diversity exists in this case between the plaintiff, a New Jersey resident and, upon information and belief, a citizen of the United States, and each of the defendants, who are French citizens. The amount-in-controversy requirement has been met, as the plaintiff seeks damages in excess of $1 million, and each of the defendants has consented to removal. The defendants have also complied with all of the procedural requirements of 28 U.S.C. §§ 1446(a), 1446(d), and Local Civil Rule 81.1. Removal is thus warranted.

17.     If any question arises as to the propriety of the removal of this action, the defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position that this case is properly removable.

18.     Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of the defendants' rights to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over the person, (2) improper venue, (3) insufficiency of process, (4) insufficiency of service of process, (5) improper joinder of claims and/or parties, (6) failure to state a claim, (7) failure to join an indispensable party(ies), or (8) any other procedural or substantive defense available under state or federal law.

**WHEREFORE,** defendants Marie-Jose Susskind-Jalou, Jennifer Eymere, and Vanessa Bellugeon remove this action from the Supreme Court of the State of New York, County of New York, and request that further proceedings be conducted in this Court as provided by law.

1869078-2

Dated: New York, New York
       November 28, 2012

                                        OLSHAN FROME WOLOSKY LLP

                                        By: _____
                                           Jeffrey A. Udell
                                           Renee M. Zaytsev
                                           *Attorneys for Defendants*
                                           Park Avenue Tower
                                           65 East 55th Street
                                           New York, New York 10022
                                           (212) 451-2300

TO:    Steven G. Storch
       Peter D'Agostino
       STORCH AMINI & MUNVES PC
       Attorneys for Plaintiff
       Two Grand Central Tower
       140 East 45th Street
       New York, New York 10017

# EXHIBIT A

NYSCEF
New York County Supreme Court

Document List
Index/Claim #   156264/2012

Created on:11/28/2012 12:46 PM

Case Caption:   LYNN TESORO - v. - MARIE-JOSE SUSSKIND-JALOU et al

Judge Name:

| Doc# | Document Type/Description | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 1 | SUMMONS WITH NOTICE<br>Summons with Notice | Processed | 09/11/2012 | Storch, S. |
| 2 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Service | Processed | 09/12/2012 | Storch, S. |
| 3 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Service | Processed | 09/12/2012 | Storch, S. |
| 4 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Service | Processed | 09/12/2012 | Storch, S. |
| 5 | NOTICE OF APPEARANCE<br>Notice of Appearance of Olshan Frome Wolosky LLP as<br>counsel for the Defendants. | Processed | 09/24/2012 | Udell, J. |
| 6 | COMPLAINT<br>Complaint | Processed | 11/08/2012 | Storch, S. |

# EXHIBIT B

*SUPREME COURT OF THE STATE OF NEW YORK*
*COUNTY OF NEW YORK*

| | |
|---|---|
| LYNN TESORO,<br><br>            Plaintiff,<br><br>   against<br><br>MARIE-JOSÉ SUSSKIND-JALOU, JENNIFER EYMERE, and VANESSA BELLUGEON<br><br>            Defendants. | Index No. _____<br>Date purchased _____<br><br>Plaintiff(s) designate(s)<br>    NEW YORK<br>County as the place of trial.<br><br>The basis of the venue is<br>Defendants' commission of tortious acts in<br>New York County<br><br>## SUMMONS WITH NOTICE |

To the above named Defendant(s):

    **You are hereby summoned** to appear in this action by serving a notice of appearance on Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York.

    **Take notice that** the nature of this action and the relief sought is to recover damages for assault, battery, intentional infliction of emotional distress, slander and/or libel in connection with Defendants' physical assault and battery of Plaintiff on September 9, 2012 at the premises located at Avery Fisher Hall, 65 Columbus Avenue, New York, New York, 10024 and Defendants' subsequent defamatory statements about Plaintiff and her business. The relief sought is the recovery of money damages of at least $1,000,000.00, with additional amounts to be determined at trial, plus pre-judgment interest together with appropriate costs and attorneys' fees. Upon your failure to appear, judgment will be taken against you by default in the amount of at least $1,000,000.00, with additional amounts to be determined at inquest or trial, plus pre-judgment interest, costs and attorneys' fees.

Dated: New York, New York
      September 11, 2012

                                STORCH AMINI & MUNVES PC

                                By_____
                                    Steven G. Storch
                                    Peter D'Agostino
                                Two Grand Central Tower, 25th Floor
                                140 East 45th Street
                                New York, NY 10017
                                (212) 490-4100

Defendants' addresses:

Unknown locations in France

# EXHIBIT C

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
Attorney: Storch Amini & Munves PC PH: (212) 490-4100
Address: 140 East 45th Street New York, NY 10017

| | | |
|---|---|---|
| Lynn Tesoro | | **Index Number:** 156264/12 |
| **vs** | *Plaintiff* | **Date Filed:** 9/11/2012 |
| Marie-Jose Susskind-Jalou, Jennifer Eymere, and Vanessa Bellugeon | | **Client's File No.:** |
| | *Defendants* | **Court Date:** |

STATE OF NEW YORK, COUNTY OF NEW YORK, SS.:

**AFFIDAVIT OF SERVICE**

**Reginald Hunter**, being sworn says:

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On 9/12/2012, at 2:56 PM at: 335 Bowery, New York, NY 10003 Deponent served the within **Summons With Notice, Notice of Commencement of Action Subject to Mandatory Electronic Filing**

On: **Marie Jose Susskind-Jalou,** therein named.

☒ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☐ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to  ( ) a person of suitable age and discretion. Said premises is recipient's:[] actual place of business / employment [] dwelling house (usual place of abode) within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is defendants
[] actual place of business / employment  [] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there

☐ **#4 Corporation or Partnership or Trust or LLC**
By delivering thereat a true copy of each to  personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said defendant and knew said individual to be  thereof.

☐ **#5 MAILING**
On , deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known [] Actual Place of Residence [] Actual Place of Business,  and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

☒ **#6 DESCRIPTION**

| | | | |
|---|---|---|---|
| **Sex:** Female | **Color of skin:** White | **Color of hair:** Brown | **Glasses:** |
| **Age:** 45-55 | **Height:** 5ft4in-5ft8in | **Weight:** 100-130 lbs | **Other Features:** |

☒ **#7 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☐ **#9 OTHER**

Sworn to before me on 9/12/2012

Bruce Lazarus
01LA4990593- Qualified in Westchester Cty
Certificate Filed in New York County
January 13, 2014

Reginald Hunter
1346142

211 East 43rd Street, New York, NY 10017
212-393-9070     www.legaleaseinc.com

**LEGALEASE** INC.

# EXHIBIT D

FILED: NEW YORK COUNTY CLERK 09/12/2012 INDEX NO. 156264/2012

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: Job #: 10966 09/12/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Attorney: Storch Amini & Munves PC PH: (212) 490-4100
Address: 140 East 45th Street New York, NY 10017

| | |
|---|---|
| Lynn Tesoro | **Index Number**: 156264/12 |
| **vs** *Plaintiff* | **Date Filed**: 9/11/2012 |
| Marie-Jose Susskind-Jalou, Jennifer Eymere, and Vanessa Bellugeon | **Client's File No.**: |
| *Defendants* | **Court Date**: |

STATE OF NEW YORK, COUNTY OF NEW YORK, SS.:
**Reginald Hunter**, being sworn says:

# AFFIDAVIT OF SERVICE

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On 9/12/2012, at 2:56 PM at: 335 Bowery, New York, NY 10003 Deponent served the within **Summons With Notice, Notice of Commencement of Action Subject to Mandatory Electronic Filing**

On: **Jennifer Eymere**, therein named.

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☒ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to Marie Jose susskind-Jalou (Mother) a person of suitable age and discretion. Said premises is recipient's:[] actual place of business / employment  [] dwelling house (usual place of abode) within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is defendants
[] actual place of business / employment  [] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there

☐ **#4 Corporation or Partnership or Trust or LLC**
By delivering thereat a true copy of each to  personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said defendant and knew said individual to be  thereof.

☒ **#5 MAILING**
On , deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known [] Actual Place of Residence [] Actual Place of Business,  and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

☒ **#6 DESCRIPTION**

| | | | |
|---|---|---|---|
| Sex: Female | Color of skin: White | Color of hair: Brown | Glasses: |
| Age: 45-55 | Height: 5ft4in-5ft8in | Weight: 100-130 lbs | Other Features: |

☒ **#7 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☐ **#9 OTHER**

Sworn to before me on 9/12/2012

Bruce Lazarus
01LA4990593- Qualified in Westchester Cty
Certificate Filed in New York County
January 13, 2014

Reginald Hunter
1346142

211 East 43rd Street, New York, NY 10017
212-393-9070      www.legaleaseinc.com

LEGALEASE INC.

# EXHIBIT E

FILED: NEW YORK COUNTY CLERK 09/12/2012 INDEX NO. 156264/2012
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 09/12/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Attorney: Storch Amini & Munves PC PH: (212) 490-4100
Address: 140 East 45th Street New York, NY 10017

Job #: 10967

| | |
|---|---|
| Lynn Tesoro | **Index Number:** 156264/12 |
| *vs* Plaintiff | **Date Filed:** 9/11/2012 |
| Marie-Jose Susskind-Jalou, Jennifer Eymere, and Vanessa Bellugeon | **Client's File No.:** |
| Defendants | **Court Date:** |

STATE OF NEW YORK, COUNTY OF NEW YORK, SS.:
Reginald Hunter, being sworn says:

**AFFIDAVIT OF SERVICE**

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On 9/12/2012, at 2:56 PM at: 335 Bowery, New York, NY 10003 Deponent served the within **Summons With Notice, Notice of Commencement of Action Subject to Mandatory Electronic Filing**

On: **Vanessa Bellugeon,** therein named.

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☒ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to Marie Jose susskind-Jalou (Mother) a person of suitable age and discretion. Said premises is recipient's:[] actual place of business / employment  [] dwelling house (usual place of abode) within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is defendants
[] actual place of business / employment  [] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there

☐ **#4 Corporation or Partnership or Trust or LLC**
By delivering thereat a true copy of each to  personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said defendant and knew said individual to be  thereof.

☒ **#5 MAILING**
On , deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known [] Actual Place of Residence [] Actual Place of Business,  and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

☒ **#6 DESCRIPTION**

| | | | |
|---|---|---|---|
| **Sex:** Female | **Color of skin:** White | **Color of hair:** Brown | **Glasses:** |
| **Age:** 45-55 | **Height:** 5ft4in-5ft8in | **Weight:** 100-130 lbs | **Other Features:** |

☒ **#7 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☐ **#9 OTHER**

Sworn to before me on 9/12/2012

Bruce Lazarus
01LA4990593- Qualified in Westchester Cty
Certificate Filed in New York County
January 13, 2014

Reginald Hunter
1346142

211 East 43rd Street, New York, NY 10017
212-393-9070      www.legaleaseinc.com

LEGALEASE INC.

# EXHIBIT F

FILED: NEW YORK COUNTY CLERK 09/24/2012

NYSCEF DOC. NO. 5

INDEX NO. 156264/2012

RECEIVED NYSCEF: 09/24/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| LYNN TESORO, | Index No. 156264/12 |
| Plaintiff, | |
| -against- | **NOTICE OF APPEARANCE** |
| MARIE-JOSE SUSSKIND-JALOU, JENNIFER EYMERE, AND VANESSA BELLUGEON, | |
| Defendants. | |

**PLEASE TAKE NOTICE THAT** that Olshan Frome Wolosky LLP hereby appears as counsel to defendants MARIE-JOSE SUSSKIND-JALOU, JENNIFER EYMERE, AND VANESSA BELLUGEON in the above-entitled action, and that Olshan Frome Wolosky LLP hereby demands that all notices and other papers in this action be served upon it at Park Avenue Tower, 65 East 55th Street, New York, New York 10022 (attention: Jeffrey A. Udell, Esq.).

Defendants hereby reserve all rights to contest jurisdiction on all grounds, including, but not limited to, the lack of proper service.

Dated: New York, New York
September 24, 2012

OLSHAN FROME WOLOSKY LLP

By: _____
Jeffrey A. Udell
Renee M. Zaytsev
*Attorneys for Defendants*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300

1796282-1

TO:    Steven G. Storch
       Peter D'Agostino
       STORCH AMINI & MUNVES PC
       Attorneys for Plaintiff
       Two Grand Central Tower
       140 East 45th Street
       New York, New York 10017

1796282-1

# EXHIBIT G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

LYNN TESORO,                                    :
                                                :
                              Plaintiff,         :        Index No. 156264/12
                                                :
    - against -                                  :
                                                :        **COMPLAINT**
MARIE-JOSE SUSSKIND-JALOU,                       :
JENNIFER EYMERE, and VANESSA                     :
BELLUGEON                                        :
                                                :
                              Defendants.        :

------------------------------------------------------------------x

Plaintiff Lynn Tesoro ("Tesoro"), as and for her complaint against Defendants Marie-

Jose Susskind-Jalou ("Susskind-Jalou"), Jennifer Eymere ("Eymere"), and Vanessa Bellugeon

("Bellugeon") (collectively, "Defendants"), hereby alleges as follows:

## NATURE OF ACTION

The claims stated herein arise from the assault and battery of Tesoro by Defendant

Susskind-Jalou and the related assault of Tesoro by the remaining defendants at a fashion show

in the presence of her colleagues and other guests and fashion industry luminaries.  In addition,

defendants defamed Tesoro in front of the fashion show audience and subsequently in the press.

As a result of these wrongful acts, Tesoro has suffered reputational, physical and financial harm.

## THE PARTIES

1.      Lynn Tesoro is an individual who resides in Spring Lake, New Jersey, and who,

at all relevant times, was and is a founding partner of HL Group Partners, LLC ("HL Group"), a

public relations firm that represents clients in, among other areas, the fashion industry.

2.      Upon information and belief, Defendant Susskind-Jalou is an individual who

resides in Paris, France, and who, at all relevant times, was and is the president of Les Editions

Jalou, a French publishing company that publishes fashion magazines, including *L'Officiel*, a French fashion magazine.

3.      Upon information and belief, Defendant Eymere is an individual who resides in Paris, France, and who, at all relevant times, was and is the daughter of Susskind-Jalou and an editor of *Jalouse*, a French fashion magazine.

4.      Upon information and belief, Defendant Bellugeon is an individual who resides in Paris, France, and who, at all relevant times, was and is the daughter of Susskind-Jalou.

<u>**JURISDICTION AND VENUE**</u>

5.      Venue is proper in New York County pursuant to CPLR 503(a) because HL Group, Tesoro's business, is located in New York County.  Furthermore, Defendants' tortious actions giving rise to this complaint all occurred in New York County.

6.      This Court has jurisdiction over all Defendants pursuant to CPLR 301 and 302(a) because on September 12, 2012, while she was at 335 Bowery, New York, New York 10003, Susskind-Jalou was personally served with the Summons with Notice and further accepted two copies thereof on behalf of her daughters Eymere and Bellugeon; (ii) Defendants committed the tortious acts described herein within the State; and (iii) Defendants transact business within the State.

<u>**STATEMENT OF FACTS**</u>

A.      <u>Background</u>

7.      Tesoro's public relations firm, the HL Group, was hired by a prominent fashion designer to promote and facilitate his fashion show at Avery Fisher Hall, 65 Columbus Avenue, New York, New York, 10024 on September 9, 2012, during the New York City Fashion Week.

8.      In furtherance of her duties, Tesoro was present at Avery Fisher Hall on

2

September 9, 2012 prior to the start of the fashion show and was working with other HL Group employees to coordinate seating for the show.  Shortly before the show, Fire Marshals employed by the New York City Fire Department ordered, as a safety precaution, that approximately sixty seats be removed.  As a result, HL Group needed to reassign seating for attendees.

> **B.      Defendants' Assault and Battery of Tesoro**

9.      Defendants, also present at Avery Fisher Hall at this time, were momentarily left without seats after the Fire Marshal's order, and Defendants began yelling at HL Group employees and Tesoro about their seating.

10.      Tesoro responded to this behavior by calmly explaining the situation to Defendants and assuring them that she would quickly obtain new seats for them, but the Defendants refused to listen to reason and continued to berate Tesoro in a loud and offensive manner in front of the numerous people present for the event.

11.      Eymere, as she admitted to the press after the incident, said to Tesoro, "Don't speak to my mom like this ... Be careful.  I am going to slap you."

12.      Susskind-Jalou (not Eymere, as Eymere claimed to the press) suddenly and without provocation struck Tesoro hard in the face, and all Defendants continued to insult and humiliate Tesoro in front of the fashion show audience until they finally left the building.

> **C.      Defendants' Defamation of Tesoro**

13.      Before, during and immediately after the attack, Defendants berated Tesoro in the fashion show hall in front of Tesoro's colleagues, and hundreds of attendees, many of whom may have been past, present or future clients of the HL Group.  Defendants publicly insulted Tesoro, insinuating that the lack of seating was the fault of Tesoro and the HL Group rather than an inescapable consequence of the Fire Marshal's last-minute order to reduce the number of

seats.

14.     Subsequent to the incident, Eymere, misleadingly attempting to minimize and claim responsibility for Susskind-Jalou's battery of Tesoro, made the following statements to the press:

    a)  "I said 'Don't speak to my mom like this … Be careful. I am going to slap you.' And she kept doing it and it just happened."

    b)  "It was a small slap. It was not strong. I didn't hurt her. It was just to humiliate her. She humiliated my mom and I humiliated her in front of her crew. Voila. I just said at the end, 'Now you know you don't fuck with French people.'"

15.     It was not a small slap, but a hard one. Such statements falsely indicated that Tesoro deserved to be slapped because she verbally "humiliated" Susskind-Jalou, when the exact opposite is true – while Tesoro calmly explained that she would obtain other seats for the Defendants, they embarked on a verbal tirade against Tesoro, humiliating her and eventually assaulting and battering her in front of the gathering audience, including many members of the media.

16.     Such statements were made to at least one reporter, and were printed in multiple publications, including but not limited to *Women's Wear Daily*, the *New York Daily News*, the *New York Post*, Britain's *Daily Telegraph*, and *The Inquisitr*.

### FIRST CAUSE OF ACTION
**(Assault against all Defendants)**

17.     Tesoro repeats and realleges each of the preceding paragraphs as if each were separately stated herein.

18.     Defendants, through their words and actions, placed Tesoro in imminent apprehension of harmful contact.

4

19.     Tesoro's imminent apprehension of harmful contact was entirely reasonable, as evidenced by the fact that Susskind-Jalou actually struck Tesoro hard in the face.

20.     Because of this assault, and particularly its public nature, Tesoro has been damaged in an amount to be determined by the Court.

## SECOND CAUSE OF ACTION
### (Battery against Susskind-Jalou)

21.     Tesoro repeats and realleges each of the preceding paragraphs as if each were separately stated herein.

22.     Susskind-Jalou, in striking Tesoro in the face, intended to make, and did in fact make bodily contact with Tesoro.

23.     Such contact was offensive and made without Tesoro's consent.

24.     Because of this battery, and particularly its public nature, Tesoro has been damaged in an amount to be determined by the Court.

## THIRD CAUSE OF ACTION
### (Libel against Eymere)

25.     Tesoro repeats and realleges each of the preceding paragraphs as if each were separately stated herein.

26.     Eymere's statements to the press subsequent to the incident, and the written publication of those statements in many sources, falsely painted a picture of Tesoro as incompetent and as speaking to Susskind-Jalou in a disrespectful manner, when this could not be further from the truth.

27.     Such statements, on their face, tend to injure Tesoro's and HL Group's business, and are thus libelous per se.

28.     Because of these statements, Tesoro has been damaged in an amount to be

determined by the Court.

**FOURTH CAUSE OF ACTION**
**(Slander against all Defendants)**

29.    Tesoro repeats and realleges each of the preceding paragraphs as if each were separately stated herein.

30.    In addition to Eymere's statements to the press, all Defendants, while in the fashion show venue, in front of hundreds of people, verbally made false and defamatory statements of fact regarding Tesoro while yelling at her.

31.    Such statements, on their face, tend to injure Tesoro's and HL Group's business, and are thus slanderous per se.

32.    Because of these statements, Tesoro has been damaged in an amount to be determined by the Court.

**WHEREFORE**, Tesoro respectfully prays for a judgment as follows:

(1) on the First Cause of Action, for assault against all Defendants for all damages, in an amount to be determined by the Court, including attorneys' fees and other costs to the extent allowed by law;

(2) on the Second Cause of Action, for battery against Susskind-Jalou for all damages, in an amount to be determined by the Court, including attorneys' fees and other costs to the extent allowed by law;

(3) on the Third Cause of Action, for libel against Eymere for all damages, in an amount to be determined by the Court, including attorneys' fees and other costs to the extent allowed by law;

(4) on the Fourth Cause of Action, for slander against all Defendants for all damages, in an amount to be determined by the Court, including attorneys' fees and other costs to the extent allowed by law;

(5) on all of Tesoro's Causes of Action, for Tesoro's reasonable attorneys' fees incurred in bringing this action, together with pre- and post-judgment interest thereon to the extent permitted by law;

(6) on all of Tesoro's Causes of Action, to the extent permitted by law, punitive damages in an amount to be determined by the Court and sufficient to deter Defendants from committing torts in the United States in the future; and

(7) on all of Tesoro's Causes of Action, for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 7, 2012

STORCH AMINI & MUNVES PC

By: _____
    Steven G. Storch
    Peter D'Agostino
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, New York 10017
Phone: (212) 490-4100
Fax:    (212) 490-4208
sstorch@samlegal.com
*Attorneys for Plaintiff*

7

# EXHIBIT H

1173339-1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| LYNN TESORO,<br><br>                              Plaintiff,<br><br>          -against-<br><br>MARIE-JOSE SUSSKIND-JALOU,<br>JENNIFER EYMERE, AND VANESSA<br>BELLUGEON,<br><br>                              Defendants. | Index No. 156264/12<br><br><br>**NOTICE OF FILING OF<br>NOTICE OF REMOVAL** |

TO:    CLERK OF THE COURT
       Supreme Court of the State of New York
       County of New York
       60 Centre Street
       New York, New York 10007

PLEASE TAKE NOTICE that defendants Marie-Jose Susskind-Jalou, Jennifer Eymere,

and Vanessa Bellugeon, by their counsel, Olshan Frome Wolosky LLP, have removed the above-

captioned action from the Supreme Court of the State of New York, County of New York to the

United States District Court, Southern District of New York.  The grounds for removal are set

forth in the Notice of Removal attached hereto as Exhibit 1.

A copy of the Notice of Removal filed with the United States District Court for the

Southern District of New York has been served via first class mail upon the plaintiff's counsel of

record listed below:

                         Steven G. Storch
                         Peter D'Agostino
                         Storch Amini & Munves PC
                         Two Grand Central Tower,
                         140 East 45th Street, 25th Floor
                         New York, New York 10017

1869985-1

Dated: New York, New York
       November 28, 2012

OLSHAN FROME WOLOSKY LLP

By:    /s/ Renee M. Zaytsev
       Jeffrey A. Udell
       Renee M. Zaytsev
       *Attorneys for Defendants*
       Park Avenue Tower
       65 East 55th Street
       New York, New York 10022
       (212) 451-2300

1869985-1